FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JEREMY C.,

Plaintiff,

v.

FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 1:26-CV-03099-ACE

ORDER GRANTING PLAINTIFF'S MOTION

**ECF Nos. 8, 10**

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 8, 10. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Joseph Langkamer represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion; **DENIES** Defendant's Motion; and **REMANDS** the matter to the Commissioner for an immediate calculation of benefits pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in October 2019, alleging onset of disability on October 1, 2010. Tr. 474. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) David Begley held a hearing on May 11, 2022, Tr. 43-75, and issued an unfavorable decision on March 23, 2022, Tr. 133-146. However, on October 16,

2023, the Appeals Council granted review and remanded the matter for additional proceedings. Tr. 152-155. A new administrative hearing was held before ALJ Brian Steger on August 4, 2025. Tr. 84-102. At the hearing, the alleged onset date was amended to October 21, 2019, and Plaintiff requested a closed period ending June 26, 2024 due to Plaintiff's imprisonment. Tr. 90-92. On August 8, 2025, ALJ Steger issued an unfavorable decision. Tr. 17-34. The Appeals Council denied Plaintiff's request for review on April 9, 2026, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed the instant action on May 23, 2026. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

(9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

**SEQUENTIAL EVALUATION PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE FINDINGS**

On August 8, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-34.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the October 21, 2019 amended alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, borderline intellectual functioning, posttraumatic stress disorder (PTSD), amphetamine dependence, obesity, and tremors. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light exertional level work, with the following limitations:

> he is incapable of climbing ladders, ropes, and scaffolds; he is capable of occasionally climbing ramps and stairs and occasionally kneeling, crouching, and crawling; he is capable of frequently balancing and stooping; he is capable of frequently handling, fingering, and feeling with the bilateral hands but is capable of only occasional fine manipulative activities such as threading a needle, picking up items the size of a quarter or smaller, buttoning and unbuttoning items, zipping and unzipping items, and tying and untying things such as shoelaces; he is able to perform work that does not require driving or operating similarly potentially dangerous machines or equipment as a part of work duties; he is incapable of working in high exposed places or in proximity to moving mechanical parts; he is able to understand, remember, and carry out simple written and oral instructions and tasks and work at a consistent pace throughout the workday at such tasks but not at a production rate pace where each task must be completed within a strict time deadline, such as work on a conveyor belt or assembly line, or within high quota demands, such as work with an hourly quota requirement; he is able to deal with occasional changes in a routine work setting and make occasional simple workplace decisions; he is able to sustain concentration and persist at simple tasks, as described, up to two hours at a time with normal breaks during an eight-hour workday; he is able to perform work that does not require interaction with the general public as an essential element of the job but may involve occasional incidental contact (such as exchanging greetings in a hallway or public space); and he is capable of working in proximity to co-workers and supervisors but is capable of no more than occasional interaction with such individuals and is incapable of performing tasks requiring conflict resolution, requiring him to direct the work of others or persuade others, or requiring him to work jointly or cooperatively with a co-worker or co-workers on tandem tasks or in a team environment.

Tr. 24.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 32.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of textile checker, marker, and garment sorter. Tr. 32-33.

The ALJ thus concluded Plaintiff has not been under a disability within the meaning of the Social Security Act at any time since October 21, 2019. Tr. 34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff asserts the ALJ erred because (1) the ALJ's RFC determination is consistent with disability; (2) the ALJ found Dr. Metoyer's 2020 opinion, which is consistent with disability, partially persuasive; (3) the ALJ failed to properly assess the opinions of other medical professionals (Dr. Genthe, Dr. Billings, and Nurse Kisenwether); and (4) the ALJ did not properly assess Plaintiff's subjective complaints. ECF No. 8.

## DISCUSSION

### A. Medical Opinions

Plaintiff argues the ALJ erred by improperly evaluating the medical opinions of four medical providers. ECF No. 8 at 4-13. Defendant's cursory response asserts that while the record contains conflicting medical opinions regarding Plaintiff's limitations, which requires a remand, there is reason to seriously doubt that Plaintiff is disabled. ECF No. 10 at 4-5.

*1. Patrick Metoyer, Ph.D.*

On January 26, 2020, examining psychologist Patrick Metoyer, Ph.D., completed a mental evaluation of Plaintiff. Tr. 693-699.

In addition to several moderate limitations, Dr. Metoyer concluded Plaintiff had multiple marked limitations, including with his ability to deal with the usual stress encountered in the workplace if it involves persistent activity, complex tasks/pressure, and interacting with other individuals; in understanding, remembering, and persisting in tasks by following detailed instructions; in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; in learning new tasks; in performing routine tasks without special supervision; in adapting to changes in a routine work setting; in communicating and performing effectively in a work setting; in completing a normal workday and workweek without interruptions from psychologically based symptoms; and in setting realistic goals and planning independently. Tr. 698.

The ALJ determined that Dr. Metoyer's opinion was "partially persuasive." Tr. 31. The ALJ indicated Dr. Metoyer's opinion was supported by his analysis of his examination findings and was somewhat supported by the subsequent examination findings of Drs. Billings and Genthe.[1] Tr. 31. The ALJ provided no rationale for rejecting any portion of Dr. Metoyer's opinion. Tr. 31.

Plaintiff's briefing asserts that the marked limitation findings of Dr. Metoyer are consistent with disability. ECF No. 8 at 4-5. Defendant's response brief provides no substantive response to Plaintiff's argument that Dr. Metoyer's opinion compels a finding of disability. *See* ECF No. 10 at 4-7. *See Stichting Pensioenfonds ABP v. Country Financial Corp*., 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (finding, in most circumstances, that the failure to respond in an

---

[1]Despite finding Dr. Metoyer's opinion was partially persuasive based in part on its consistency with the subsequent examination findings of Drs. Billings and Genthe, the ALJ later concluded that the opinions of Drs. Billings and Genthe were only "minimally persuasive." Tr. 31.

opposition brief to an argument put forward in an opening brief constitutes a waiver or abandonment in regard to the uncontested issue); *Obrien v. Bisignano*, 142 F.4th 687, 694 n. 6 (9th Cir. 2025); *Hunt v. Colvin*, 954 F.Supp.2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an argument as a concession that Plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Pamela S. v. Bisignano*, 2025 WL 2399145 at *4 (E.D. Wash. Aug. 18, 2025) ("If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded."). Defendant's failure to respond to Plaintiff's argument that Dr. Metoyer's limitations are consistent with disability constitutes a concession of the issue.

Because the ALJ did not specifically reject Dr. Metoyer's opinion and Defendant concedes that Dr. Metoyer's marked limitation findings are consistent with disability, a finding of disability is warranted.

*2. Dr. Genthe*

On January 4, 2022, examining psychologist Thomas Genthe, Ph.D., completed a psychological/psychiatric evaluation of Plaintiff. Tr. 708-714. Dr. Genthe diagnosed major depressive disorder, with anxious distress; autism spectrum disorder; intellectual disability, mild (rule-out); and stimulant use disorder (methamphetamine), in early remission (three plus months), Tr. 711, and assessed marked and severe limitations including marked limitations in Plaintiff's abilities to understand, remember and persist in tasks by following detailed instructions, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, learn new tasks, adapt to changes in a routine work setting, be aware of normal hazards and take appropriate precautions, and set realistic goals and plan independently and severe limitations in Plaintiff's abilities to communicate and perform effectively in

a work setting, maintain appropriate behavior in a work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms, Tr. 711. Dr. Genthe opined that Plaintiff's overall severity rating was severe, Tr. 711, and indicated it was unlikely that Plaintiff's conditions would improve to the point of Plaintiff being able to resume normal work activities within the next 12 months, Tr. 712.

The ALJ concluded the report of Dr. Genthe was only "minimally persuasive" because Plaintiff's medical record did not support marked limitations in any area, the opinion is not supported by Dr. Genthe's examination findings that showed only mild deficits in concentration and abstract thoughts as well as numerous normal mental status findings, the opinion is not consistent with the findings of Dr. Billings, and the opinion is not consistent with Plaintiff's limited treatment for mental health symptoms. Tr. 31.

First, Defendant has failed to specifically dispute Plaintiff's assertion that the ALJ erred with respect to his "minimally persuasive" finding as to Dr. Genthe. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132 (finding a failure to respond in an opposition brief to an argument put forward in an opening brief constitutes a waiver of the issue). Second, the rationale cited by the ALJ to discount the opinions of Dr. Genthe is unsupported: the ALJ's own finding that Plaintiff had a "marked limitation" in interacting with others, Tr. 22, contradicts his reasoning that the medical record did not support a marked limitation "in any area," Tr. 31; Dr. Genthe's examination findings did not show only mild deficits, *see* Tr. 713-714 (Dr. Genthe noted Plaintiff had "significant impairment" recognizing and expressing his emotions, had "significant difficulties" following the conversation, and a "poor" level of understanding regarding his illness/mental health, treatment and compliance); contrary to the ALJ's finding, Dr. Genthe's findings are not inconsistent with Dr. Billings' opinion, *see* Tr. 828 (Dr. Billings noted Plaintiff's full scale IQ placed him at the borderline level of intellectual

functioning and that Plaintiff obtained "an extremely low score" for processing speed); and the ALJ did not explain how Plaintiff's limited treatment for mental health symptoms detracted from Dr. Genthe's findings, *see* Tr. 709 (Dr. Genthe evaluated Plaintiff with full awareness that Plaintiff had been receiving mental health counseling services for only two months and had never taken psychotropic medications).

The ALJ's rejection of Dr. Genthe's assessed marked and severe limitations, which are fairly consistent with the findings of both Drs. Metoyer and Billings, is not supported by substantial evidence.

*3. Emma J. Billings, Ph.D.*

On September 15, 2022, Emma Billings, Ph.D., completed an intellectual psychological assessment of Plaintiff. Tr. 823-830. Plaintiff reported to Dr. Billings that he used methamphetamine since the age of 16 and last used 12 months prior to the evaluation. Tr. 827. Dr. Billings diagnosed borderline intellectual functioning; other specified depressive disorder; methamphetamine substance use disorder, severe, early remission; and possible learning disorders, Tr. 828, and opined Plaintiff was likely to be able to learn new tasks with repetition and "a long training period" and was unlikely to be able to handle the additional stress that would come from new employment, Tr. 829-830.

The ALJ found Dr. Billings' opinion was "minimally persuasive." Tr. 31. The ALJ noted that although the opinion was supported by Dr. Billings' analysis of her examination findings, the opinion did not provide limitations consistent with the totality of the medical evidence along with the subjective complaints from Plaintiff regarding his difficulty interacting with others. Tr. 31.

Once again, Defendant failed to specifically dispute Plaintiff's assertion that the ALJ erred with respect to his "minimally persuasive" finding as to Dr. Billings. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132. Moreover, the ALJ agreed Dr. Billings' opinion is supported, Tr. 31, and does not specify which

portion of Dr. Billings' report is not being accepted. Finally, contrary to the ALJ's statement that Dr. Billings' findings are not consistent with the totality of the medical evidence, Tr. 31, Dr. Billings' diagnoses and opinion that Plaintiff was unlikely to be able to handle the additional stress that would come from new employment, Tr. 828, 830, are entirely consistent with the assessments of Drs. Metoyer and Genthe, as discussed above.

The undersigned finds the ALJ's rejection of Dr. Billings' opinion is not supported by substantial evidence.

*4. Lisa Kisenwether, ARNP*

Lisa Kisenwether, ARNP, examined Plaintiff and prepared a Physical Evaluation statement on January 29, 2020. Tr. 702-706. Nurse Kisenwether indicated Plaintiff had tremors in both hands and therefore had difficulty picking up a coin, buttoning and unbuttoning his shirt, zipping and unzipping his jacket, and tying and untying his shoelaces. Tr. 704. Nurse Kisenwether opined Plaintiff was capable of performing light level work with only occasional handling and limitations working at heights and around heavy machinery. Tr. 706.

The ALJ determined that Nurse Kisenwether's opinion was "partially persuasive," noting Nurse Kisenwether observed and examined Plaintiff and her opinion as it related to exertional and environmental limitations was supported by her analysis of the objective findings. The ALJ indicated that Nurse Kisenwether's manipulative limitations were "generous," but they were consistent with Plaintiff's general allegations. Tr. 30.

Defendant has again failed to specifically dispute Plaintiff's assertion that the ALJ erred with respect to his "partially persuasive" finding as to Nurse Kisenwether. *See Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132. In addition, the ALJ's decision fails to specifically identify what opinion of Nurse Kisenwether is not being credited. *See* Tr. 30 (finding the manipulative

///

limitations assessed by Nurse Kisenwether (only occasional handling) "consistent with the claimant's general allegations").

The Court finds that the ALJ erred by not properly assessing the opinion of Nurse Kisenwether.

*5. State Agency Reviewer Opinions*

Defendant's sole contention in briefing is that the opinions of state agency doctors (finding Plaintiff's mental impairments were non-severe and that Plaintiff had no more than mild limitations in all "paragraph B" areas of mental functioning and that Plaintiff retained the ability to perform frequent fine and gross manipulations) dictate that issues remain regarding Plaintiff's functional abilities that need to be resolved by further administrative proceedings. ECF No. 10 at 4 citing Tr. 109-114, 123-127.

However, the ALJ found the state agency medical consultants that assessed Plaintiff's mental residual functional capacity were "unpersuasive," Tr. 30, and the state agency reviewers that assessed Plaintiff's physical ability were only "partially persuasive," Tr. 29. Regarding the "partially persuasive" physical capacity state agency reviewers, the ALJ specifically determined that "the manipulative limitations, while generous given the normal hand findings by the consultative examiner [Nurse Kisenwether], are somewhat consistent with the claimant's subjective complaints." Tr. 29. The ALJ provided no rationale to support a finding that Plaintiff's manipulative limitations are less restrictive than those assessed on examination by Nurse Kisenwether (only occasional handling).

The opinions of the state agency doctors do not necessitate further proceedings to assess Plaintiff's functional abilities.

The Court finds the opinions of Drs. Metoyer, Genthe and Billings, consistent assessments which Defendant has failed to specifically challenge in briefing, show Plaintiff had disabling mental limitations. The opinions of these medical professionals, coupled with the manipulative limitations assessed by Nurse

Kisenwether (only occasional handling), demonstrate that Plaintiff was disabled during the closed period (October 21, 2019 to June 26, 2024).

**B. Symptom Claims**

Plaintiff contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints. ECF No. 8 at 13-20. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce Plaintiff's alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25-26. In assessing Plaintiff's subjective complaints, the ALJ found the medical evidence did not support Plaintiff's contention that his impairments prevent him from performing work, Plaintiff did not seek the type of treatment one would expect of a totally disabled individual, and Plaintiff's activities of daily living suggested he was not as functionally limited as alleged. Tr. 26-29. While these reasons for discounting Plaintiff's testimony may find some support in the record, the undersigned finds substantial evidence, and

specifically the medical opinions discussed above, corroborate Plaintiff allegations of disabling limitations during the relevant time period. This matter shall be remanded for an immediate calculation of benefits.

**C. Step Five**

Plaintiff additionally challenges the ALJ's step five determination, arguing the ALJ's RFC determination was consistent with disability. ECF No. 8 at 3-5 & ECF No. 11 at 5-7. Based on the testimony of the vocational experts of record, *see* Tr. 72, 96-97, as well as the opinions of the medical professionals outlined above, there is no work available with which Plaintiff could perform. The ALJ erred at step five.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the record is adequate for a proper determination to be made and further development is not necessary.

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

///

In this case, all three parts of the standard are met. The record has been fully developed and further proceedings are not necessary. As discussed above, the ALJ failed to provide legally sufficient reasons to reject multiple medical source opinions. Therefore, the second prong of the credit-as-true rule is met. The third prong of the credit-as-true rule is satisfied because if those medical opinions were credited as true, the ALJ would be required to find Plaintiff disabled. Finally, the record as a whole does not leave serious doubt as to whether Plaintiff was disabled during the relevant time period. *See Garrison*, 759 F.3d at 1021. Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted). Here, Plaintiff filed for SSI benefits in 2019, and an ALJ twice erred by failing to properly evaluate the evidence. Considering this delay and the harmful errors by the ALJ in two prior decisions, it is appropriate for this Court to apply the "credit as true" doctrine pursuant to Ninth Circuit precedent and remand this case for an award of benefits.

Accordingly, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate calculation of benefits. **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse and remand for an immediate award of benefits, **ECF No. 8**, is **GRANTED**.

2. Defendant's motion to reverse and remand for additional proceedings, **ECF No. 10**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for an immediate calculation of benefits.

4. An application for attorney fees may be filed by separate motion.

///

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff and the file shall be CLOSED**.

DATED November 20, 2026.

ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE